IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **FREDERICK DELLOYD MANUEL** | § | |
| | § | |
| **V.** | § | **A-15-CA-752-LY** |
| | § | |
| **ROSEMARY LEHMBERG, JAMES** | § | |
| **YOUNG, DET. JASON STANISZWSKI,** | § | |
| **DET. SCOTT EHLERT, and** | § | |
| **ANTHONY NELSON** | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates.

Before the Court are Plaintiff's complaint and more definite statement. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

### STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Polunsky Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff alleges he was previously held in the Travis County Jail on false charges. According to Plaintiff, on April 29, 2011, he was pulled over for a traffic stop by unnamed officers of the Austin Police Department. Plaintiff alleges he was subsequently arrested and charged with aggravated robbery of a Shell gas station. Plaintiff contends the charges were false and no evidence existed to

prosecute him. Plaintiff believes this false charge was used to keep him in jail with an excessive bond of $750,000 until he was convicted on another charge.

Plaintiff sues Travis County District Attorney Rosemary Lehmberg, Assistant Travis County District Attorney James Young, Detective Jason Staniszwski, Detective Scott Ehlert, and Detective Anthony Nelson. He seeks $20 million for false arrest and false imprisonment with the intent to maliciously prosecute, $10 for exemplary damages, $10 million for punitive damages, and $1 million for pro se attorney's fees.

After considering Plaintiff's complaint, the Court ordered Plaintiff to file a more definite statement. Plaintiff was instructed to state what acts the named defendants did to cause him damage. The Court also ordered Plaintiff to answer specific questions about his arrest and detention.

Plaintiff asserts Defendants Lehmberg and Young ignored his motions filed in his criminal case charging him with aggravated robbery. Specifically, Plaintiff alleges Lehmberg and Young ignored his motion for examining trial, motion for speedy trial, and motion to dismiss due to a speedy trial violation. In addition, Plaintiff alleges Lehmberg and Young set an excessive bond of $750,000 to keep him in jail on the aggravated robbery charge until Plaintiff was convicted on another charge in another case for which he received a sentence of life without parole.[1]

With respect to Defendant Staniszwski Plaintiff alleges he had the Austin Police Department pull him over for a traffic stop even though no traffic law had been violated. He contends this was a ploy to get Plaintiff to go downtown to the police station so that Plaintiff could be interviewed for a "robbery/homicide" and be linked to an unrelated robbery of a Shell gas station. Plaintiff asserts

---

[1]Plaintiff was convicted of capital murder and sentenced to life without parole on December 5, 2013, for a crime Plaintiff committed in January 2011.

he was falsely arrested for the aggravated robbery of the Shell gas station even though there was no evidence to justify the arrest and detention. Plaintiff further asserts Staniszwski used an excessive bond to keep him in jail. With respect to Defendant Ehlert Plaintiff asserts Ehlert was quoted in the *Austin American-Statesman* as saying "we're certainly glad to be able to have the case resolved." Plaintiff contends this statement had a substantial and injurious effect in his jury trial for capital murder. Plaintiff additionally alleges Defendants Ehlert and Nelson assisted and aided in the unlawful traffic stop, his subsequent arrest for the aggravated robbery of the Shell gas station, and his excessive bond.

Plaintiff repeats his traffic stop occurred on April 29, 2011. During his interview at the police station on the day of the traffic stop, Plaintiff was allegedly asked about a robbery and homicide and was never asked any questions about the robbery of the Shell gas station. Plaintiff states "after all had been said and done I was placed in custody way later on that day and charge[d] with an aggravated robbery with a deadly weapon of a Shell gas station." Plaintiff asserts he was not arrested at the police station. Rather, he states he was arrested in front of a 7-Eleven store. According to Plaintiff, an arrest warrant did not issue until three days later, on May 2, 2011. He was subsequently indicted on June 20, 2011, in Cause No. D-1-DC-11300953 for the aggravated robbery of the Shell gas station. Plaintiff asserts after he was convicted of capital murder in his other case, the aggravated robbery case was dismissed.

DISCUSSION AND ANALYSIS

A.   <u>Standard Under 28 U.S.C. § 1915(e)</u>

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief

may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B. Eleventh Amendment Immunity

Plaintiff's claims against District Attorney Rosemary Lehmberg and Assistant District Attorney James Young, in their official capacities, are barred by Eleventh Amendment Immunity. When acting in their official capacities, Texas district attorneys and assistant district attorneys are considered agents of the state, which is immune from claims for damages under the Eleventh Amendment. Neinast v. Texas, 217 F.3d 275, 280 (5th Cir. 2000); Esteves v. Brock, 106 F.3d 674, 678 (5th Cir. 1997); Quinn v. Roach, 326 Fed. Appx. 280, 292–293 (5th Cir. May 4, 2009). Accordingly, Plaintiff's claims against District Attorney Rosemary Lehmberg and Assistant District Attorney James Young, in their official capacities, should be dismissed without prejudice for want of jurisdiction.

C. Prosecutorial Immunity

District Attorney Rosemary Lehmberg and Assistant District Attorney James Young, in their individual capacities, are protected by prosecutorial immunity. Prosecutors are absolutely immune from liability under the federal civil rights statutes with regard to actions taken by them within the

course and scope of representing the governmental agencies and subdivisions in judicial proceedings. Under the doctrine of prosecutorial immunity, a prosecutor is absolutely immune in a civil rights lawsuit for any action taken in connection with a judicial proceeding. Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993); Burns v. Reed, 500 U.S. 478, 487-92 (1991); Imbler v. Pachtman, 424 U.S. 409, 427-31 (1976). "[A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protection of absolute immunity." Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994) (quoting Buckley v. Fitzsimmons 509 U.S. at 273). Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process. Boyd, 31 F.3d at 285; Graves v. Hampton, 1 F.3d 315, 318 (5th Cir. 1993). Thus, a prosecutor is immune from civil rights liability for actions taken in connection with a judicial proceeding, even if taken maliciously. Brummett v. Camble, 946 F.2d 1178, 1181 (5th Cir. 1991), cert. denied, 504 U.S. 965 (1992); Rykers v. Alford, 832 F.2d 895, 897 (5th Cir. 1987).

      The Court recognizes that not all prosecutorial functions are protected. In Imbler, the Court declared that absolute immunity applied to a prosecutor's actions in "initiating a prosecution and in presenting the State's case." Imbler, 424 U.S. at 431. This immunity protected the alleged knowing use of false testimony at trial and the alleged deliberate suppression of exculpatory evidence. In Imbler, the Court left open the issue of whether absolute immunity applied to administrative or investigative acts. However, in Burns, the Court answered that question, stating that absolute immunity does not apply to investigative or administrative acts performed by prosecutors. Burns, 500 U.S. at 493.

In the case at hand, Plaintiff challenges actions taken by District Attorney Rosemary Lehmberg and Assistant District Attorney James Young with regard to his criminal case which are clearly protected by prosecutorial immunity. In this action Plaintiff does not allege any actions taken by the defendants that were outside the course and scope of representing the Travis County District Attorney's Office in Plaintiff's criminal proceedings. Therefore, Plaintiff's claims against District Attorney Rosemary Lehmberg and Assistant District Attorney James Young, in their individual capacities, should be dismissed as frivolous.

### D.     Traffic Stop

Plaintiff's claim alleging an unconstitutional traffic stopped is barred by limitations. There is no federal statute of limitations for § 1983 actions. Piotrowski v. City of Houston, 51 F.3d 512, 514 n.5 (5th Cir. 1995); Henson-El v. Rogers, 923 F.2d 51, 52 (5th Cir. 1991), cert. denied, 501 U.S. 1235 (1991). Therefore, the Supreme Court has directed federal courts to borrow the forum state's general personal injury limitations period. Owens v. Okure, 488 U.S. 235, 249-50 (1989). In Texas, the applicable limitations period is two years. Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon 1986)). Nevertheless, federal law determines when a § 1983 cause of action accrues. Gartrell v. Gaylor, 981 F.2d 254, 257 (5th Cir. 1993). A cause of action under § 1983 accrues when the aggrieved party knows, or has reason to know of, the injury or damages which form the basis of the action. Piotrowski, 51 F.3d at 516.

Plaintiff complains the unlawful traffic stop occurred on April 29, 2011. Plaintiff did not execute his civil rights complaint until August 15, 2015, more than four years later. Therefore, Plaintiff's claim regarding the traffic stop is time-barred.

  E. <u>False Arrest and Imprisonment</u>

Plaintiff's false arrest and imprisonment claim is similarly barred by the applicable limitations period. The "statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." <u>Wallace v. Kato</u>, 549 U.S. 384, 397 (2007). Plaintiff indicates the magistrate judge signed his arrest warrant on May 2, 2011, and he was indicted by a grand jury on June 20, 2011. Plaintiff filed his complaint more than four years later, after the two-year limitations period had expired. Accordingly, Plaintiff's false arrest and imprisonment claim is time-barred.

  F. <u>Malicious Prosecution</u>

To the extent Plaintiff is attempting to bring a claim under § 1983 that his prosecution for aggravated robbery of the Shell station was wrongful or malicious, it is well established that there is generally no constitutional right to be free from wrongful prosecution. <u>Castellano v. Fragozo</u>, 352 F.3d 939, 953 (5th Cir. 2003) ("[C]ausing charges to be filed without probable cause [does] not without more violate the Constitution.").

To the extent Plaintiff possibly asserts a state law claim for malicious prosecution, his state law claim is barred because he did not file suit until more than one year after his criminal charge was dismissed. <u>See</u> TEX. CIV. PRAC. & REM. CODE § 16.002(a) ("A person must bring suit for malicious prosecution ... not later than one year after the day the cause of action accrues."); <u>Torres v. GSC Enterprises, Inc.</u>, 242 S.W.3d 553, 561 (Tex. App.--El Paso 2007) (statute of limitations on malicious prosecution claim begins to run when the criminal prosecution is terminated).

Plaintiff asserts his aggravated robbery charge was dismissed two or three weeks after his capital murder conviction. Plaintiff was convicted of capital murder on December 5, 2013. As mentioned above, Plaintiff did not execute his complaint until August 15, 2015, more than a year after his aggravated robbery charge was dismissed. Therefore, Plaintiff's claim is time-barred.

G.   Capital Murder Conviction

Plaintiff asserts Ehlert's statement to the *Austin American-Statesman* had a substantial and injurious effect in his jury trial for capital murder. Plaintiff's claim is barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). In Heck, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

In this case Plaintiff does not allege that his conviction for capital murder has been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus. Plaintiff's recitation of the procedural history in this case indicates just the opposite. Accordingly, Plaintiff's claim should be dismissed without prejudice to refile once the conditions of Heck are met.

RECOMMENDATION

It is therefore recommended that Plaintiff's claims against Defendant Lehmberg and Young in their official capacities be dismissed without prejudice for want of jurisdiction, Plaintiff's claim against Defendant Ehlert regarding his statement to the *Austin American-Statesman* be dismissed without prejudice to refiling once the conditions of Heck are met, and Plaintiff's remaining claims be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders. See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ - Office of the General Counsel and the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 18th day of February, 2016.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE